UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 95-30459
Summary Calendar

ROGER S. OLIVER, SR.,

                              Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, Commissioner
of Social Security,

                              Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(CA-94-0778)

December 14, 1995

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Oliver filed a complaint in the district court to set aside the Commissioner's decision that he was not disabled within the meaning of the Social Security Act (SSA). The district court granted defendant's motion for summary judgment, finding that there was substantial evidence to support the Commissioner's decision and that the decision comported with all relevant legal standards. Finding no error, we affirm.

---

     [*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

## I. FACTS

Roger S. Oliver, Sr. filed an application for disability insurance benefits and supplemental social security income alleging that he was disabled from December 13, 1991, as a result of a heart attack, high cholesterol, and arthritis in his upper back and arms. The application was denied originally and upon reconsideration. Following a de novo hearing an Administrative Law Judge (ALJ) determined that Oliver was not disabled within the meaning of the SSA because he could perform a full range of medium work. The Appeals Council denied his request for review of the ALJ's decision and that decision became the final decision of the Commissioner.

Oliver filed a complaint in the district court to set aside the Commissioner's decision. The district court granted the Commissioner's motion for summary judgment because it determined that there was substantial evidence in the record to support the Commissioner's decision that Oliver is not disabled.

## II. DISCUSSION

This court reviews the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's decision and whether the Commissioner applied the proper legal standards. Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993). Substantial evidence is that evidence which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. Id. "[N]o substantial evidence will be found only where there is a conspicuous absence of credible choices

2

or no contrary medical evidence." Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (internal quotations and citation omitted).

The ALJ must apply the five-step sequential process outlined in Social Security Regulation No. 16 to determine whether an individual is disabled. See 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f). A finding that a claimant is not disabled at any point within the five-step analysis is conclusive and terminates the inquiry. Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987). The ALJ determined at step five that Oliver had the residual functional capacity to perform the full range of medium work and, therefore, the Medical-Vocational Guidelines indicated that he was not disabled within the meaning of the SSA. See Anderson v. Sullivan, 887 F.2d 630,632-34 (5th Cir. 1989).

Medical-Vocational Guidelines

Oliver argues that the ALJ improperly relied on the Medical-Vocational Guidelines to determine that he was not disabled because he suffers from nonexertional limitations, including pain, fatigue, and shortness of breath, which prevent him from doing the full range of medium work. He contends that, as a result of his nonexertional limitations, the ALJ was required to obtain the testimony of a vocational expert to determine whether he was disabled.[1]

---

1. The Commissioner contends that Oliver argues for the first time on appeal that the ALJ should have received testimony from a vocational expert. Oliver made this argument in his motion for summary judgment filed in the district court.

The ALJ may rely exclusively on the guidelines to determine whether there is other work available that a claimant can perform if the claimant's characteristics correspond to the criteria in the guidelines and the claimant's nonexertional impairments do not significantly affect his residual functional capacity. Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990). The ALJ found that Oliver had no nonexertional limitations because his testimony regarding the extent of his pain, fatigue, and shortness of breath was not credible. The record supports the ALJ's determination.

The medical records indicate that on December 14, 1991, Oliver sought medical treatment at Allen Parish Hospital for a myocardial infarction. The x-rays revealed that he had borderline cardiomegaly. His heart was within the upper limits of normal and his lungs were essentially clear. He was transferred to St. Patrick Hospital and a Bruce Protocol stress test revealed mild chest tightness with exercise, no arrhythmias, and decreased functional capacity. A successful angioplasty was performed, and Oliver was diagnosed with triple vessel coronary artery disease with moderate impairment of left ventricular function consisting of posterior akinesis.

Oliver had another Bruce Protocol stress test administered on March 24, 1992. The test was negative for coronary ischemia and indicated no dysrhythmia. Oliver did not experience any chest discomfort and maintained average functional capacity. A subsequent stress test administered on May 6, 1992 revealed no

4

significant changes in the EKG or angina, no arrhythmias, and good functional aerobic capacity.

Dr. Stagg, a consulting physician, examined Oliver on January 18, 1993. Dr. Stagg indicated that as a result of his examination and review of a stress test administered the previous month, he could not explain Oliver's symptomatology. A final stress test administered on October 4, 1993, revealed no exercise induced chest pain or arrhythmias and no diagnostic EKG changes with exercise. The two residual physical functional capacity assessments completed in February and April 1993 indicated that Oliver had the capacity to do the full range of medium work.

At the administrative hearing Oliver testified that his doctors had placed no significant restrictions on his activities. Although he stated that he gets tired more quickly than he should, he also testified that he walks three miles per day or uses the stairstepper when the weather is bad. He also stated that he could go fishing and deer hunting. He currently rests for two hours a day, but probably could get by on less rest.

This evidence is sufficient to support the ALJ's determination that Oliver's subjective complaints of pain, fatigue, and shortness of breath were not credible. See Moore v. Sullivan, 919 F.2d 901, 904 (5th Cir. 1990) (the ALJ is entitled to determine the credibility of witnesses). The ALJ properly relied on the Medical-Vocational Guidelines.

5

Past Relevant Work

Oliver also argues that the ALJ failed to consider the physical and mental demands of his past relevant work as a semi-skilled construction worker.[2]  The ALJ found that Oliver was unable to perform his past relevant work, and, therefore, even if the ALJ failed to make particular findings, any error would be harmless. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) (this court will not vacate a judgment unless the substantial rights of a party have been affected).

Semi-skilled versus Unskilled Work

Finally, Oliver argues that the ALJ applied the incorrect guideline because he classified his past-relevant work as unskilled but his previous work was semi-skilled.  The ALJ applied Rule 203.03 to determine that Oliver was not disabled.  See 20 C.F.R. Pt. 404, Subpt. P, App. 2, table no. 3.  This rule identifies past relevant work as unskilled.  Assuming Oliver's contention that his past relevant work was semi-skilled is correct, Rules 203.04 and 203.05 would mandate the same finding.  See id.  Therefore, any error in the ALJ's use of Rule 203.03 was harmless, and a remand would be an unnecessary use of judicial resources.  See Mays, 837 F.2d at 1364.

---

2  The Commissioner again contends that Oliver failed to present this issue in the district court.  This argument was presented to the district court in Oliver's supplemental reply memo.

## III. CONCLUSION

For the reasons discussed above, the judgment of the district court is **AFFIRMED**.